## John Graham *v.* The State.

1. STATEMENT OF FACTS.— The judge before whom the case was tried is the only person who can authenticate the statement of facts.
2. SAME.— By the record it appears that the regular judge of the court held the term at which the conviction was had, and his official signature is appended to the charge given to the jury. Instead, however, of his signature or approval appearing to the entry which purports to be the statement of facts, that entry is certified by another person as "special judge," and this anomalous proceeding is unexplained. *Held*, that the entry cannot be considered a statement of facts.

APPEAL from the District Court of Hopkins. Tried below before the Hon. GREEN J. CLARK.

The indictment charged the appellant with the murder of P. M. Steed, on October 20, 1877, by shooting him with a double-barreled shot-gun. He was found guilty of

murder in the second degree, and a term of five years in the penitentiary was assessed as his punishment.

According to the so-called statement of facts, the appellant and the deceased were neighboring farmers. Finding certain mules of the deceased depredating on his field, the appellant confined them in a pen, and, in reply to a message from the deceased, refused to release them until the latter should pay for the damage they had done. When this reply was brought to the deceased, he sent his messenger back to tell the appellant that if he did not turn the mules out, he, the deceased, would come over there and shoot the top of his head off. Appellant sent the messenger back to the deceased with instructions to tell him to come on, and that he, the appellant, would be ready for him. When the messenger left, the appellant took his gun and went into a room on the end of his front gallery. In a short time the deceased approached the gate, which was about thirty feet distant, and called out "halloo," and was immediately fired upon by the appellant. Five shots penetrated the face, head and neck of the deceased, killing him instantly. No weapons were found on the body of the deceased. It was in proof, however, that his left hand was under the lapel of his overcoat as he came up to the appellant's gate. Appellant left the neighborhood, but was subsequently brought to trial.

No brief for the appellant has reached the reporters.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J. Appellant was tried and convicted for the murder of P. M. Steed, and his punishment fixed at confinement in the penitentiary for the term of five years.

It appears from the record that the Hon. Green J. Clark presided when the court was opened and adjourned, and that he charged the jury in this case. The statement

of facts is approved by E. B. Perkins, special judge, and this is the only mention of E. B. Perkins in the record. There is no explanation of this matter to be found in the record.

The statement of facts must be approved by the judge who tried the case. In *Myers* v. *State*, 9 Texas Ct. App. 157, it was held that "the approval of the judge who presided at the trial is indispensable to a proper authentication of a statement of facts, and that the regular judge of the court cannot authenticate the statement of facts in a case which was not tried before him."

As the statement of facts is not properly authenticated it will not be considered by this court. This being the case, we will only consider the indictment and charge of the court. There are no bills of exception. The indictment is drawn in proper form; the offense is set forth clearly and distinctly, following the most approved forms. The charge, considered with reference to the indictment, is without objection in any respect.

If there were any peculiar phases made by the evidence which required an application of the law directly to be made to these phases, in order for this to be considered by this court the statement of facts must show them, and as there is no statement of facts this cannot legally appear to this court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*